## APPEAL OF ALBERT M. BRIGGS.

Docket No. 5288.    Promulgated June 18, 1927.

In 1917, the petitioner, a commission salesman, was authorized to and did form the American Protective League, an unincorporated organization, which operated under the direction of and in conjunction with the Department of Justice. During the year 1918, he devoted his entire time to the League and expended in its behalf a substantial sum of money which he claimed as a deduction either as an ordinary and necessary expense under section 214 (a) (1) or as a charitable contribution, under section 214 (a) (11). *Held*, that petitioner's activities were not such employment as made it his trade or business, and that the American Protective League does not fall within the definitions of associations, contributions to which are deductible under the statute.

*James L. Dohr, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the Commissioner.

This is an appeal from a determination of a deficiency in income tax for the year 1918 in the amount of $3,589.94, arising from in-

creasing the petitioner's income from commissions to the extent of $11,725.47, and from dividends, $420.

The petitioner also alleges that the Commissioner erred in disallowing a deduction of $20,095, representing payments, or contributions made to the American Protective League, in the year 1918, which resulted in an additional tax for that year of $4,403.35. This latter sum was paid under protest and application made for a refund.

### FINDINGS OF FACT.

The petitioner is an individual who resides in New York City. During the year 1918 he was employed as a salesman by the Poster Advertising Co., Inc., a New York corporation. His only compensation for such employment was in the form of commissions based on the volume of business received by him for the company.

He kept his books and made his income-tax return for the year 1918 on the cash receipts and disbursements basis, reporting thereon $31,630.92 as commission received from the Poster Advertising Co. The Commissioner increased his income from that source to $43,-356.39. The Commissioner also added $420 to the income as returned, representing dividends paid to the petitioner.

In 1917 the Attorney General authorized the petitioner to organize the American Protective League to operate under the direction of, and in conjunction with the Department of Justice in various activities of a secret-service nature, which organization he formed. It was not incorporated, nor did it have any written plan of organization such as a charter. It did not have a president, although the petitioner was the directing head. It had no board of directors. It developed in the following manner. A man with the title " Chief " was appointed in a town in which a unit was to be organized. He then appointed inspectors to command certain portions. The inspector subdivided his territory into company zones and designated men in charge thereof and appointed operatives. The operatives covered every activity in that district. The organization grew to approximately 16,000 units throughout the United States, with a membership of more than 500,000 men. The petitioner as well as the other members, was sworn in as a Government agent and operated under the Department of Justice. As soon as anything was learned that might be of interest to the Department of Justice, the operative reported to his captain, the captain to the inspector and the inspector to the chief. The matter would then be taken up with the local agent of the Department of Justice if deemed to be of sufficient importance, and if he authorized a further investigation, such action was taken. A large number of cases were also handled for the Army and Navy. The work of the League consisted of the investigation of

and dealing with alien enemies and enemy sympathizers within the United States, and the rounding up of draft evaders, the investigation of suspicious characters in activities detrimental to the interests of the United States, the investigation of applicants for positions in Government service and many other similar services.

In the beginning the petitioner paid all the expenses of the League. As it grew, the local organizations were able to finance themselves through the donations of the members and other citizens of the community. The larger cities contributed to the support of the national organization.

The League disbanded about six or eight months after the close of the war, with two hundred and some odd dollars in the treasury, which is still in a bank in the League's name. The League never paid anything by way of dividends.

The petitioner devoted his entire time to the League during 1918. He served without pay, bore his own expenses and traveled from place to place throughout the United States to stimulate and keep up the organization. During the year 1918 he contributed directly in cash $4,000 and in addition paid hotel bills, office rent, railroad fare, stenographic services, operatives, etc., in connection with such work in the total amount of $19,032.89, making a total of $23,032.89. The Commissioner refused to allow the deduction or any part thereof.

### OPINION.

MORRIS: The Commissioner conceded at the hearing that the petitioner correctly reported his taxable income, in so far as affected by his compensation from the Poster Advertising Co., Inc. The purported additional commissions of $11,725.47 should therefore be excluded in computing the petitioner's net income.

The petitioner offered no evidence to sustain his assignment of error in regard to the $420 item alleged to have been dividends received by him. As to that item the determination of the Commissioner is approved.

This leaves for our consideration whether the amount of $23,032.89 paid to or for the account of the American Protective League, is deductible. The petitioner contends that he is entitled to the deduction either as an ordinary and necessary business expense under section 214 (a) (1) or in the alternative, as a charitable contribution under section 214 (a) (11). The pertinent parts of section 214 of the Revenue Act of 1918 are as follows:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

(11) Contributions or gifts made within the taxable year to corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes, * * *

Although the petitioner devoted his entire time during the year 1918 to the American Protective League and its activities, it was not such employment as made it his trade or business in the contemplation of the statute here involved. In *Thomas F. Sheridan* v. *Commissioner*, 4 B. T. A. 1299, we quoted with approval the definition of "trade or business" as given in Bouvier's Law Dictionary as, "That which occupies the time, attention and labor of men for the purpose of a livelihood and profit." That definition was adopted by the Supreme Court in the cases of *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, and *Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503, 515. The *Sheridan* appeal involved the interpretation of the term "trade or business" as used in section 214 (a) (4), but the definition adopted is equally applicable to that term as used in section 214 (a) (1). The petitioner is not entitled therefore to the deduction claimed as an ordinary and necessary expense.

Section 214 (a) (11) provides for the deduction of donations made to corporations organized and operated for certain purposes. Section 1 of the Act provides that the term "corporation" includes associations. The first prerequisite is that the donation shall have been made to a corporation or association. As the American Protective League was not incorporated, it must fall within the class of associations for the donation in question to be deductible, assuming it was organized and operated for one of the designated purposes. In the United States, the term association "is used to signify a body of persons united without a charter but upon the methods and forms used by incorporated bodies for the prosecution of some enterprise." 1 Bouvier's Law Dictionary (Rawle's 3d Rev. 269). Other definitions are, "In the United States, as distinguished from a corporation, a body of persons organized for the prosecution of some purpose, without a charter, but having the general form and mode of procedure of a corporation." Webster's New Int. Dict. "The term 'association' usually means an unincorporated organization composed of a body of men, partaking in its general form and mode of procedure of the characteristics of a corporation." 1 Words and Phrases 584. See also *Hecht* v. *Malley*, 265 U. S. 144; *Appeal of Philadelphia & Reading Relief Association*, 4 B. T. A., 713. In our opinion, the American Protective League does not fall within those definitions. The donations made to and for the benefit thereof are not, therefore, deductible under section 214 (a) (11).

> *Judgment will be entered on 15 days' notice, under Rule 50.*